**ORIGINAL**

**FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

2006 MAY -8  AM 10: 29

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| CITY OF SAN ANTONIO, TEXAS, ON BEHALF OF ITSELF AND ALL OTHER SIMILARLY SITUATED TEXAS MUNICIPALITIES, §§§§§ | CASE NO. _____ <br><br> **SA06CA0381 0G** |
| Plaintiff, §§ | |
| v. § | |
| HOTELS.COM, L.P.; HOTELS.COM GP, LLC; HOTWIRE, INC.; CHEAP TICKETS, INC.; CENDANT TRAVEL DISTRIBUTION SERVICES GROUP, INC.; CENDANT CORPORATION; IAC/INTERACTIVE CORP.; EXPEDIA, INC.; INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM); LOWEST FARE.COM, INC.; MAUPINTOUR HOLDING, LLC.; ORBITZ, INC.; ORBITZ, LLC; PRICELINE.COM, INC.; SITE 59.COM, LLC; TRAVELOCITY.COM, INC.; TRAVELOCITY.COM, LP; TRAVELWEB, LLC; and TRAVELNOW.COM, INC., §§§§§§§§§§§§§§§§§ | **CLASS ACTION COMPLAINT** <br><br><br><br> **JURY TRIAL DEMANDED** |
| Defendants. § | |

## ORIGINAL COMPLAINT

Plaintiff, the City of San Antonio, Texas, on behalf of itself and all other similarly situated Texas

municipalities ("Plaintiff"), submits this Class Action Complaint (the "Complaint") against the

Defendants named herein.  The allegations are asserted on information and belief after due investigation,

except as to those matters which relate to Plaintiff and its own acts, which are asserted on personal knowledge.

## NATURE OF THE ACTION

1.     This is an action brought for the benefit of the City of San Antonio, Texas, and all other similarly situated Texas municipalities against Defendants, web-based hotel booking companies, to recover damages for Defendants' violations of state and local tax laws in each Defendant's failure to remit taxes to Plaintiff and the Plaintiff Classes from sales of hotel room occupancy within the City of San Antonio and other cities within the Plaintiff Classes. Defendants have failed to remit taxes owed to Plaintiff and the Plaintiff Classes pursuant to Texas Tax Code section 351.001 et seq., Texas Local Government Code section 334.251 et seq., San Antonio Municipal Code, Article IV, section 31-66 et seq., and similar municipal hotel occupancy tax codes throughout the state of Texas.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. section 1332(d) because (1) Plaintiff and/or members of the Plaintiff Classes and some of the Defendants are citizens of different states; (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; (3) at least one other class action has been filed asserting similar factual allegations against the Defendants; and (4) one or more primary Defendants are not citizens of the state of Texas.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(a)(2) because  a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES

4.      Plaintiff is the City of San Antonio, Texas.

5.      Defendant HOTELS.COM, L.P. is a Delaware limited partnership with its principal

place of business in Dallas, Texas, and may be served with process through its registered agent,

National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, Texas 78028.

6.      Defendant HOTELS.COM GP, LLC is a Texas limited liability company with its

principal place of business in Dallas, Texas, and may be served with process through  its registered

agent, National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, Texas 78028.

7.      Defendant HOTWIRE, INC. is a Delaware corporation with its principal place of

business in San Francisco, California.  Although Defendant HOTWIRE, INC. has at all times relevant

to this litigation conducted business in this state and is required to maintain a registered agent for service

of process, it has not designated such an agent.  Therefore, said corporation may be served with

process at its corporate headquarters, 333 Market Street, Suite 100, San Francisco, California 94105,

pursuant to Fed. R. Civ. P. 4 and the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§

17.041-.045, via certified mail, return receipt requested.  Defendant HOTWIRE, INC. may be served

with process through the Secretary of State for the state of Texas.

8.      Defendant CHEAP TICKETS, INC. is a Delaware corporation with its principal place

of business in Honolulu, Hawaii.  Although Defendant CHEAP TICKETS, INC. has at all times

relevant to this litigation conducted business in this state and is required to maintain a registered agent

for service of process, it has not designated such an agent.  Therefore, said corporation may be served

with process at its corporate headquarters, 1440 Kapiolani Boulevard, Honolulu, Hawaii 96814,

pursuant to the Fed. R. Civ. P. 4 and Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045, via certified mail, return receipt requested. Defendant CHEAP TICKETS, INC. may be served with process through the Secretary of State for the state of Texas.

9. Defendant CENDANT TRAVEL DISTRIBUTION SERVICES GROUP, INC. is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Although Defendant CENDANT TRAVEL DISTRIBUTION SERVICES GROUP, INC. has at all times relevant to this litigation conducted business in this state and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process at its corporate headquarters, 7 Sylvan Way, Parsippany, New Jersey 07054, pursuant to Fed. R. Civ. P. 4 and the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045, via certified mail, return receipt requested. Defendant CENDANT TRAVEL DISTRIBUTION SERVICES GROUP, INC. may be served with process through the Secretary of State for the state of Texas.

10. Defendant CENDANT CORPORATION is a Delaware corporation with its principal place of business in New York. Although Defendant CENDANT CORPORATION has at all times relevant to this litigation conducted business in this state and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process at its corporate headquarters, 9 West 57th Street, New York, New York 10019, pursuant to Fed. R. Civ. P. 4 and the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045, via certified mail, return receipt requested. Defendant CENDANT CORPORATION may be served with process through the Secretary of State for the state of Texas.

11.     Defendant IAC/INTERACTIVE CORP. is a Delaware corporation with its principal place of business in New York.   Although Defendant  IAC/INTERACTIVE CORP. has at all times relevant to this litigation conducted business in this state and is required to maintain a registered agent for service of process, it has not designated such an agent.  Therefore, said corporation may be served with process at its corporate headquarters, 152 W. 57th Street, New York, New York 10019, pursuant to Fed. R. Civ. P. 4 and the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045, via certified mail, return receipt requested.  Defendant  IAC/INTERACTIVE CORP. may be served with process through the Secretary of State for the state of Texas.

12.     Defendant EXPEDIA, INC. is a Washington corporation with its principal place of business in Bellevue, Washington, and may be served with process through its registered agent, National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, Texas 78028.

13.     Defendant INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM), is a Florida corporation with its principal place of business in Boca Raton, Florida.  Although Defendant INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM) has at all times relevant to this litigation conducted business in this state and is required to maintain a registered agent for service of process, it has not designated such an agent.  Therefore, said corporation may be served with process at its corporate headquarters, 1700 E. Beltline Avenue, N.E., Suite 200, Grand Rapids, Michigan 49525, pursuant to Fed. R. Civ. P. 4 and the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045, via certified mail, return receipt requested.  Defendant INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM) may be served with process through the Secretary of State for the state of Texas.

14.     Defendant LOWEST FARE.COM, INC. is a Delaware corporation with its principal place of business in Norwalk, Connecticut. Although Defendant LOWEST FARE.COM, INC. has at all times relevant to this litigation conducted business in this state and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process at its corporate headquarters, 800 Connecticut Avenue, Norwalk, Connecticut 06854, pursuant to Fed. R. Civ. P. 4 and the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045, via certified mail, return receipt requested. Defendant LOWEST FARE.COM, INC. may be served with process through the Secretary of State for the state of Texas.

15.     Defendant MAUPINTOUR HOLDING, LLC is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada. Although Defendant MAUPINTOUR HOLDING, LLC has at all times relevant to this litigation conducted business in this state and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said limited liability company may be served with process at its corporate headquarters, 10650 W. Charleston Boulevard, Las Vegas, Nevada 89135, pursuant to Fed. R. Civ. P. 4 and the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045, via certified mail, return receipt requested. Defendant MAUPINTOUR HOLDING, LLC may be served with process through the Secretary of State for the state of Texas.

16.     Defendant ORBITZ, INC. is a Delaware corporation with its principal place of business in Chicago, Illinois. Although Defendant ORBITZ, INC. has at all times relevant to this litigation conducted business in this state and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process

at its corporate headquarters, 200 S. Wacker Drive, Suite 1900, Chicago, Illinois 60606, pursuant to

Fed. R. Civ. P. 4 and the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045,

via certified mail, return receipt requested. Defendant ORBITZ, INC. may be served with process

through the Secretary of State for the state of Texas.

17.   Defendant ORBITZ, LLC is a Delaware limited liability company with its principal

place of business in Chicago, Illinois. Although Defendant ORBITZ, LLC has at all times relevant to

this litigation conducted business in this state and is required to maintain a registered agent for service of

process, it has not designated such an agent. Therefore, said limited liability company may be served

with process at its corporate headquarters, 200 S. Wacker Drive, Suite 1900, Chicago, Illinois 60606,

pursuant to Fed. R. Civ. P. 4 and the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§

17.041-.045, via certified mail, return receipt requested. Defendant ORBITZ, LLC may be served

with process through the Secretary of State for the state of Texas.

18.   Defendant PRICELINE.COM, INC. is a Delaware corporation with its principal place

of business in Norwalk, Connecticut. Although Defendant PRICELINE.COM, INC. has at all times

relevant to this litigation conducted business in this state and is required to maintain a registered agent

for service of process, it has not designated such an agent. Therefore, said corporation may be served

with process at its corporate headquarters, 800 Connecticut Avenue, Norwalk, Connecticut 06854,

pursuant to Fed. R. Civ. P. 4 and the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§

17.041-.045, via certified mail, return receipt requested. Defendant PRICELINE.COM, INC. may be

served with process through the Secretary of State for the state of Texas.

19.     Defendant SITE59.COM, LLC is a Delaware limited liability company with its principal place of business in New York, New York. Although Defendant SITE59.COM, INC. has at all times relevant to this litigation conducted business in this state and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said limited liability company may be served with process at its corporate headquarters, 90 Williams Street, 16th Floor, New York, New York 10038, pursuant to Fed. R. Civ. P. 4 and the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045, via certified mail, return receipt requested. Defendant SITE59.COM, INC. may be served with process through the Secretary of State for the state of Texas.

20.     Defendant TRAVELOCITY.COM, INC. is a Delaware corporation with its principal place of business in Southlake, Texas, and may be served with process through its registered agent, C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

21.     Defendant TRAVELOCITY.COM, LP is a Delaware partnership with its principal place of business in Ft. Worth, Texas, and may be served with process through its registered agent, Corporation Service Company DBA CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

22.     Defendant TRAVELWEB, LLC is a Delaware limited liability company with its principal place of business in Dallas, Texas, and may be served with process through its registered agent, Corporation Service Company DBA CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

23.     Defendant TRAVELNOW.COM, INC. is a Delaware corporation with its principal place of business in Springfield, Missouri. Although Defendant TRAVELNOW.COM, INC. has at all

times relevant to this litigation conducted business in this state and is required to maintain a registered

agent for service of process, it has not designated such an agent.  Therefore, said corporation may be

served with process at its corporate headquarters, 4124 S. McCann Street, Springfield, Missouri

65804, pursuant to Fed. R. Civ. P. 4 and the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code

§§ 17.041-.045, via certified mail, return receipt requested.  Defendant TRAVELNOW.COM, INC.

may be served with process through the Secretary of State for the state of Texas.

      24.    Plaintiff reserves the right to join in this litigation Defendants' predecessors in interest

after sufficient discovery has been undertaken.  Moreover, one or more of the Defendants may acquire

one or more of the other of the Defendants or other entities or may divest themselves of some

operations and form new entities.  Therefore, Plaintiff also reserves the right to join these new or

different entities after sufficient discovery has been undertaken.

## JOINDER

      25.    All Defendants have been properly joined pursuant to Federal Rule of Civil Procedure

20.  Plaintiff's claims against all Defendants involve common questions of law and fact and arise from

the same series of transactions or occurrences with a logical relationship, all in violation of Texas

statutes, the San Antonio Municipal Code, and similar codes of other Texas municipalities.  All

Defendants charged occupants marked-up, retail room rates but only remitted tax amounts based on

the lower "wholesale" or "net" room rates negotiated between Defendants and the various hotels.

Texas state and municipal laws, however, all require Defendants to remit the "difference in taxes

collected from guests and paid to hotels."  Texas Comptroller Opinion No. 20020942L dated

September 12, 2002; *see also* TEX. TAX CODE § 351.003 and TEX. LOCAL GOV'T CODE § 334.252;

SAN ANTONIO MUN. CODE, § 31-69 and similar sections of other municipal codes of cities within the

Plaintiff Classes.  Defendants have failed to do so.

26.     Plaintiff's claims against all Defendants are so intertwined that they should be

reasonably tried in a single proceeding.  Moreover, all Defendants have a claim or interest that is

affected by the declaration sought by Plaintiff.  Lastly, a single trial of Plaintiff's claims against all

Defendants would promote judicial economy.

## COMMON ALLEGATIONS

27.     Texas and municipal laws allow cities to impose a tax on a person who pays for the use

or possession or for the right to the use or possession of a room in a hotel.  TEX. TAX CODE § 351.001;

SAN ANTONIO MUN. CODE ARTICLE, IV, § 31-66; TEX. TAX CODE § 334.251 et seq.  Additionally

Texas Tax Code section 351.001 et seq. authorizes municipalities to impose hotel occupancy taxes.

*See also* TEX. TAX CODE § 351.003, TEX. LOCAL GOV'T CODE § 334.251 et seq.; SAN ANTONIO

MUN. CODE, ARTICLE IV, § 31-66.  San Antonio imposes a nine percent (9%) hotel occupancy tax.

San Antonio law mandates that every person  "owning, operating, managing, or controlling any hotel

shall collect the tax imposed."  SAN ANTONIO MUN. CODE, ARTICLE IV, § 31-69 and TEX.TAX CODE

§ 156.053.

28.     Numerous Texas Comptroller Opinions have clearly stated that Texas Tax code section

156.053 applies to web-based hotel booking companies and that those companies are required to

compute and collect hotel occupancy taxes based on the retail price paid by occupants of the rooms.

*See, e.g.,* Opinion Nos. 20031032L, dated October 7, 2003; 200208379L, dated August 22, 2002;

20020942L, dated September 12, 2002; *see also* SAN ANTONIO MUN. CODE, ARTICLE IV, § 31-69;

TEX.TAX CODE § 156.053.  The analysis of the Comptroller is based on the fact that web-based hotel

reservation companies have "a contractual right to control occupancy" of hotel rooms located in Texas.

*Id.*  Thus, under Texas law, and under the various municipal laws that mirror the Texas Tax Code, the

web-based hotel booking companies are responsible for remitting the difference between the taxes paid

by Defendants to the hotels and the taxes calculated based on the retail rate of the rooms sold to the

hotel occupants by Defendants.  *Id.*

      29.    Defendants are web-based sellers and/or resellers of hotel rooms to the general

public.  In his opinion of September 12, 2002, the Texas Comptroller, citing Texas Tax Code section

156.053, provides that Defendants have "a contractual right to control occupancy of hotel rooms

located in Texas that [they] [rent] to the public."  Texas Comptroller Opinion No. 20020942L, dated

September 12, 2002.  Defendants contract for a block of rooms, set room prices, set cancellation

policies and control who occupies the rooms, and are thus required to collect and remit hotel

occupancy taxes to the Plaintiff and members of the Plaintiff Classes (defined below) on the retail

amount of the price paid for the rooms by the occupants. *Id.*; Texas Comptroller Opinion Nos.

200212648L, dated December 19, 2002; 20031032L, dated October 7, 2003; 200208379L, dated

August 22, 2002; TEX. TAX. CODE § 156.053; *see also, e.g.,* SAN ANTONIO MUN. CODE, ARTICLE

IV, § 31-69.

30.     The City of San Antonio levies a nine percent (9%) tax upon hotel room occupancy.

*See* SAN ANTONIO MUN. CODE, ARTICLE IV, § 31-67. Members of the Plaintiff Classes have similar

hotel occupancy tax codes requiring Defendants to collect taxes on the retail sales of hotel rooms and

remit the taxes to the members of the Plaintiff Classes.

31.     Defendants contract with hotels for rooms at negotiated discounted room rates, then

mark up their inventory of rooms and sell the rooms to the members of the public, who actually occupy

the rooms. Defendants, however, remit taxes to Plaintiff and members of the Plaintiff Classes based on

the lower, negotiated room rates.

32.     For example, a web-based hotel booking company such as Travelocity Inc. obtains a

room from a hotel at a negotiated "net" rate of, for instance, $70. Travelocity, Inc. in turn sells that

same hotel room to an occupant over the Internet for $100. Because Travelocity Inc. controls the

occupancy of the hotel room, the amount due to the city by law in this example is 9% of $100, or $9.

Travelocity, Inc., however, remits the hotel occupancy tax to the cities based upon the lower "net" rate

of $70, thus creating a loss of $2.70 to the city for that sale alone.

33.     Defendants have failed to remit the hotel occupancy taxes due and owing to the Plaintiff

and members of the putative Plaintiff Classes. Additionally, as to the city of San Antonio, Defendants

have violated the city's laws in failing to collect taxes on the fees they charge occupants because

Defendants do not separately state the taxes on the occupants' bills as required by San Antonio

Municipal Code section 31-66 ("Charges not stated separately shall be presumed to be part of the

consideration paid for occupancy of a sleeping room or sleeping facility, and shall be taxed under this

article.").

34.    Defendants have also failed to properly file required tax reports.  Every person required to collect hotel occupancy taxes must file a report showing the consideration paid for hotel rooms in the preceding calendar month, as well as the amount of tax collected on such occupancies.  *See* SAN ANTONIO MUN. CODE, ARTICLE IV, § 31-70.  Defendants have failed to file any such reports.

35.    Defendants' failure to pay the imposed hotel occupancy taxes entitles Plaintiff and the Plaintiff Classes to the amount of the taxes due pursuant to Texas state and municipal laws, as well as reasonable attorneys' fees, the costs of an audit, and all penalties and  interest on the delinquent taxes. *See* TEX. TAX CODE § 351.004 and SAN ANTONIO MUN. CODE, ARTICLE IV, § 31-73.

36.    Further, although Defendants would ordinarily have a right to reimbursement for some of their tax collection expenses by law, they have forfeited that right by failing to file reports as required by Texas statutes and municipal ordinances.  *See* TEX. TAX CODE § 351.005; SAN ANTONIO MUN. CODE, ARTICLE IV, § 31-73.

**Many Defendants Are Affiliated Through A Common Corporate Parent.**

37.    Defendants Expedia, Inc. (Washington), Hotels.com, L.P.; Hotels.com GP LLC; Hotwire, Inc.; and TravelNow.com are all affiliated business entities, related through the common corporate parent Expedia, Inc., a Delaware corporation. Expedia, Inc.'s parent company is IAC/Interactive Corp. (collectively referred to as the "Expedia Group").

38.    Defendants Cendant Travel Distribution Services Group, Inc.; Orbitz, Inc.; Orbitz LLC;  Cheaptickets.com, Inc.; and  Internetwork Publishing Corp. d/b/a Lodging.com are affiliated business entities, related through the common corporate parent Cendant Corporation, a Delaware corporation (collectively referred to as the "Cendant Group").

39.     Defendants Site59.com LLC; Travelocity.com, Inc.; and Travelocity.com LP are affiliated business entities, related through the common ultimate corporate parent, Sabre Holdings Corporation, a Delaware corporation (collectively referred to as the "Sabre Group").

40.     Defendants Priceline.com, Inc.; Lowestfare.com, Inc.; and Travelweb, LLC are all affiliated business entities, related through the common corporate parent Priceline.Com, Inc., a Delaware corporation (collectively referred to as the "Priceline Group").

41.     Defendant Lowestfare.com, Inc. is a wholly owned subsidiary of Priceline.com, Inc.  In 2002, Priceline.Com, Inc. purchased the Internet URL and trademarks of Lowestfare.com and formed a subsidiary corporation, Lowestfare.com, Inc. (Delaware).

42.     Defendant Maupintour Holding, LLC is a Nevada limited liability company. Maupintour Holding, LLC is the successor in interest of Lowestfare.com, Inc., a Nevada corporation that is/was a subsidiary of Lowestfare.com LLC, a Nevada limited liability company ("Maupintour"). Defendant Maupintour Holding, LLC is a direct or indirect subsidiary of Vauxhall, LLC, a Nevada limited liability company.

43.     Defendants, in public communications, in communications to Plaintiff, and through the media, have taken the position that they are not liable for hotel occupancy taxes on the retail amount of their sales of hotel room occupancy.  There is, therefore, an actual and live controversy between the parties on the subjects enumerated in paragraph 76 below.

**Defendants Have Entered Into Agreements With Each Other To Market And Sell Each Other's Hotel Room Inventory.**

44.     All Defendants, at all times mentioned herein, were acting under common plans,

schemes or methodologies, and from time to time entered into agreements and ventures for the common marketing, distribution and sale or resale of hotel rooms throughout the state of Texas.

45.     Defendants have shared products and customers and have entered into agreements and co-ventures for the sale or resale of hotel room inventory by cross-listing available hotel rooms on their respective Internet portals.  Examples are listed below.

46.     Plaintiff is informed and believes and thereon alleges that sometime between 1990 and the present, Orbitz entered into an agreement with Travelweb whereby Orbitz received prepaid hotel room inventory from Travelweb and other participating entities for display on Orbitz' website.  Under this arrangement, Travelweb set the occupant price for the inventory and paid Orbitz a commission for each hotel room rented online.

47.     Plaintiff is informed and believes and thereon alleges that sometime between 1990 and the present, Hotels.com contracted with its sister company, Expedia (both wholly owned by InterActive Corp. at the inception of this lawsuit), as well as Travelocity to implement and maintain cooperative ventures including certain cross-selling initiatives.  Specifically, these agreements provided that the lodging inventory of Expedia and Hotels.com would be listed on Travelocity's website.

48.     Plaintiff is informed and believes and thereon alleges that sometime during 2001 or before, Cheaptickets.com, now owned by Defendant Cendant Travel Distribution Services Group, Inc., entered into a private label agreement with Hotels.com that provided for the sharing of hotel room inventories for online booking by occupants.

49.     Plaintiff is informed and believes and thereon alleges that sometime between 1990 and the present, Cheaptickets.com and Lodging.com, another Cendant subsidiary, shared hotel room

inventory.  Specifically, Cheaptickets.com sold Lodging.com's hotel room inventory.

50.     Plaintiff is informed and believes and thereon alleges that sometime during 2004 or thereafter, Cendant entered into agreements with Expedia and Hotels.com to share hotel room inventory.

51.     Plaintiff is informed and believes and thereon alleges that sometime in 2000 or thereafter, Site59.com  entered into distribution agreements with other entities, including Travelocity, Orbitz, Cheaptickets and Priceline affiliated companies (whose subsidiaries include Lowestfare.com Inc. and Travelweb, LLC).

52.     Plaintiff is informed and believes and thereon alleges that sometime during 2005 or before, Orbitz and Priceline.com entered into a marketing agreement related to Priceline.com's hotel business unit.

53.     Plaintiff is informed and believes and thereon alleges that sometime prior to the institution of this suit, Expedia entered into a partnership agreement with Hotels.com and Hotwire regarding its online hotel room booking business.

54.     Plaintiff is informed and believes and thereon alleges that sometime prior to the institution of this suit, Hotels.com entered into a partnership agreement with Hotwire and TravelNow.com regarding its online hotel room booking business.

55.     Plaintiff is informed and believes and thereon alleges that sometime prior to the institution of this suit, Hotwire.com entered into a partnership agreement with IAC/InteractiveCorp., Expedia and Hotels.com regarding its online hotel room booking business.

56.     Plaintiff is informed and believes and thereon alleges that sometime prior to the institution of this suit, Orbitz entered into a partnership agreement with Hotwire regarding its online hotel room booking business.

57.     Plaintiff is informed and believes and thereon alleges that sometime prior to the institution of this suit, Priceline and Travelweb entered into an agreement related to the sale or resale of hotel room inventory.

58.     Plaintiff is informed and believes and thereon alleges that sometime prior to the institution of this suit Hotels.com and Lowestfare.com entered into an agreement related to the sale or resale of hotel room inventory.

59.     Given the tangled web of arrangements between Defendants, any room ostensibly purchased by an occupant from Expedia, Travelocity, Cheaptickets, Hotwire, TravelNow or Lowestfare could actually have been purchased from Hotels.com.  Furthermore, any room ostensibly purchased by an occupant from Orbitz, could actually have been purchased from Travelweb or Hotwire.  Any room ostensibly purchased by an occupant from Expedia could actually have been purchased from Travelocity, Hotwire or Hotels.com.  Any room ostensibly purchased by an occupant from Site59.com could actually have been purchased from Orbitz, Travelocity, Cheaptickets, Priceline, Lowestfare.com or Travelweb.  Also, any room ostensibly purchased from Priceline could have actually been purchased from Travelweb, and vice versa; any room ostensibly purchased from Hotels.com could have actually been purchased from Lowestfare.com, and vice versa; any room ostensibly purchased from TravelNow.com could have actually been purchased from Hotwire, and vice versa; and any room ostensibly purchased from Lodging.com could have actually been purchased from

Cheaptickets.com, and vice versa.  On information and belief, there are many other such marketing and

distribution agreements between and among Defendants.

### Defendants' Conduct Arises Out Of The Same Series Of Transactions Or Occurrences And Involves Common Questions Of Law And Fact.

60.     Defendants' conduct arises out of the same series of transactions or occurrences and

involves common questions of law and fact.  The parties are all interested in the principal questions

raised by this Complaint.  Moreover, Defendants' affiliations with each other and their agreements to

market, sell and distribute each other's hotel room inventory logically connect their respective conduct.

As detailed above, Defendants have engaged and presently engage in a common practice and scheme

of selling hotel rooms to occupants at retail but remitting taxes based on their lower, negotiated

"wholesale" or "net" room rates.

61.     Finally, Defendants' memberships in Interactive Travel Service Association ("ITSA")

further demonstrate the interrelatedness among the Defendants and confirm common practices of

Defendants in booking hotel rooms.  According to ITSA's website, the following Defendants are

members of the organization: Hotels.com; Hotwire.com; Cheap Tickets, Inc.; Cendant; Expedia;

Orbitz; Priceline.com; Site 59.com; and Travelocity.com.  The ITSA website makes numerous

representations regarding the manner in which web-based hotel booking companies do business, the

manner in which rooms are booked, and the Defendants' tax liabilities as a whole.

### PLAINTIFF CLASS ALLEGATIONS

62.     Plaintiff requests that the Court certify this case as a class action.  Plaintiff seeks to

certify five state-wide classes consisting of all Texas municipalities.  Plaintiff seeks to certify a class

making claims against (1) the Expedia Group (the "Plaintiff Expedia Class"); (2) the Cendant Group

(the "Plaintiff Cendant Class"); (3) the Sabre Group (the "Plaintiff Sabre Class"); (4) the Priceline

Group (the "Plaintiff Priceline Class"); and (5) Maupintour (the "Plaintiff Maupintour Class").  The

Expedia Class, Cendant Class, Sabre Class, Priceline Class and Maupintour Class are collectively

referred to as "the Plaintiff Classes."

63.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3).  The

Plaintiff Classes meet the prerequisites for the maintenance of a class action in that:

a)     the Plaintiff Classes are so numerous that joinder of all Class members is impracticable.

The practices complained of herein damaged over 100 municipalities;

b)     there are questions of law and fact common to the Plaintiff Classes;

c)     the claims of the representative Plaintiff are typical of the claims of each member of the

Plaintiff Classes.  Like all other members of the Plaintiff Classes, Plaintiff has sustained damages

arising from Defendants' violations of law, including (1) violations of Texas statutes, municipal

ordinances, and hotel occupancy tax schemes; and (2) conversion.  The representative Plaintiff

and the members of the Plaintiff Classes were and are similarly or identically harmed by the

same unlawful, unfair, systematic and pervasive pattern of misconduct;

d)     the representative Plaintiff will fairly and adequately represent and protect the interests

of the Plaintiff Classes.  There are no material conflicts between the claims of the representative

Plaintiff and the members of the Plaintiff Classes that would make class certification

inappropriate; and

e)      the counsel selected to represent the Plaintiff Classes will fairly and adequately protect the interests of the Plaintiff Classes. The counsel are experienced trial lawyers who have experience in complex litigation and are competent counsel for this class action litigation. Counsel for the Plaintiff Classes will vigorously assert the claims of all members of the Plaintiff Classes.

64.      This action is properly maintained as a class action in that common questions of law and fact exist as to the members of the Plaintiff Classes and predominate over any questions affecting only individual members, and a class action is superior to other available methods of the fair and efficient adjudication of the controversy, including consideration of:

a)      the interests of the members of the Plaintiff Classes in individually controlling the prosecution or defense of separate actions;

b)      the extent and nature of any other proceedings concerning the controversy already commenced by or against members of the Plaintiff Classes;

c)      the desirability or undesirability of concentrating the litigation of the claims in a single forum; and

d)      the difficulties likely to be encountered in the management of a class action.

65.      The members of the Plaintiff Classes contemplate the eventual issuance to the proposed Class members of notice setting forth the subject and nature of the instant action.

66.      Among the numerous questions of law and fact common to the Plaintiff Classes are:

a)      whether Defendants, as merchants of record and/or direct sellers and re-sellers of the right to occupy hotel rooms in each city that is a member of the Plaintiff Classes,

"control" hotel occupancy, as defined under the operative hotel occupancy tax ordinance, statute and/or rule in effect at the time of each such transaction;

b)      whether Defendants have a legal duty to collect hotel occupancy taxes from occupants who purchase from Defendants the right to occupy hotel rooms in the state of Texas and whether Defendants have a legal duty to remit these taxes to Plaintiff and/or other Class members;

c)      whether, under the appropriate hotel occupancy tax ordinance, statute and/or rule in effect at the time of each such transaction, the amount of hotel occupancy tax due and owing to Plaintiff and the Plaintiff Classes is to be calculated as a percentage of the total amount charged occupants for the right to occupy hotel rooms, without regard to service fees, operating expenses and other amounts deducted by Defendants;

d)      whether Defendants have committed acts of conversion;

e)      whether Plaintiff and the Plaintiff Classes are entitled to a declaratory judgment;

f)      whether Defendants have forfeited their right to reimbursement of tax collection expenses due to their failure to file reports as required by Texas statutes and ordinances; and

g)      whether, and in what amount, the members of the Plaintiff Classes members are entitled to recover court costs, attorneys' fees, penalties and interest, and the costs of an audit.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION: VIOLATIONS OF THE TEXAS TAX CODE AND MUNICIPAL ORDINANCES

### (As against all Defendants)

67.    Plaintiff incorporates each of the above allegations by reference as if set forth herein at length.

68.    Plaintiff is granted the authority to collect hotel occupancy taxes pursuant to Texas Tax Code section 351.001 et seq. and Texas Tax Code section 334.251 et seq.  Plaintiff San Antonio has assessed hotel occupancy taxes of nine percent (9%).  SAN ANTONIO MUN. CODE, ARTICLE IV, § 31-67.  Defendants have "a contractual right to control occupancy of hotel rooms located in Texas that [they] [rent] to the public."  Texas Comptroller Opinion No. 20020942L dated September 12, 2002 (citing Texas Tax Code § 156.053); *see also* SAN ANTONIO MUN. CODE, ARTICLE IV, § 31-69. Defendants contract for a block of rooms, set room prices, set cancellation policies and control who occupies the rooms and are therefore required to collect and remit the hotel occupancy taxes on the retail price paid for each room.  *Id.*   Moreover, Defendants are also required to collect taxes on the fees they charge to San Antonio hotel occupants.  *See* SAN ANTONIO MUN. CODE, ARTICLE IV, § 31-66.

69.    Defendants have failed to collect and remit to Plaintiff and the Plaintiff Classes the amounts due and owing to them pursuant to these hotel occupancy tax schemes and other similar hotel occupancy tax schemes in place at the time of each such transaction.  Plaintiff and the Plaintiff Classes are entitled to penalties and interest to be determined by the hotel occupancy tax statutes and ordinances and/or other similar hotel occupancy tax schemes in place at the time of each such transaction.  Failure to remit these taxes to Plaintiff and the Plaintiff Classes is deemed a debt owed by Defendants to Plaintiff and the Plaintiff Classes, and the taxes are hereby sought to be recovered pursuant to the hotel occupancy tax statutes, ordinances and/or other similar hotel occupancy tax

schemes in place at the time of each such transaction.

70.     Further, Defendants have failed to file reports as required by Texas statutes and ordinances.  Therefore, Defendants have forfeited their right to reimbursement for tax collection expenses.  *See* TEX. TAX CODE § 351.004, § 351.005; SAN ANTONIO MUN. CODE, ARTICLE IV, § 31-73(a).  Plaintiff and the Plaintiff Classes seek the return of monies reimbursed to Defendants for tax collection expenses.

## SECOND CAUSE OF ACTION:  CONVERSION

### (As Against All Defendants)

71.     Plaintiff incorporates each of the above allegations by reference as if set forth herein.

72.     At all times mentioned herein, Plaintiff and the Plaintiff Classes have been entitled to and have had the right to the immediate possession of personal property, namely, the taxes due and owing to them.

73.     At all times mentioned herein, the monies due and owing to Plaintiff and the Plaintiff Classes were in the possession of one or more Defendants who wrongfully exercised dominion and control over the monies owing to Plaintiff and the Plaintiff Classes, thereby depriving Plaintiff and the Plaintiff Classes of the use and benefit thereof.

74.     As a direct and proximate result of Defendants' conduct, Plaintiff and the Plaintiff Classes have suffered, and will continue to suffer injury including damage in an amount to be determined according to proof at the time of trial.

## THIRD CAUSE OF ACTION:  DECLARATORY JUDGMENT

(As Against All Defendants)

75.     Plaintiff incorporates each of the above allegations by reference as if set forth herein at length.

76.     Pursuant to 28 U.S.C.A. section 2201, et seq., Plaintiff seeks a declaration of rights and/or duties with respect to all Defendants.  An actual case or controversy exists between Plaintiff and these Defendants as to:

a)      whether Defendants as merchants of record and/or direct sellers and re-sellers of the right to occupy hotel rooms in each city that is a member of the Plaintiff Classes, "control" hotel occupancy, as defined under the operative hotel occupancy tax statute, ordinance, and/or rule in effect at the time of each such transaction;

b)      whether Defendants have a duty, under law, to collect hotel occupancy taxes based on the retail sales price from occupants who purchase from Defendants the right to occupy hotel rooms in the cities that comprise the Plaintiff Classes and whether Defendants have a duty to remit these taxes to Plaintiff and the Plaintiff Classes;

c)      whether, under the appropriate hotel occupancy tax statute, ordinance, and/or rule, the amount of hotel occupancy tax due and owing to Plaintiff and the Plaintiff Classes is to be calculated as a percentage of the total amount charged occupants for the right to occupy hotel rooms, without regard to service fees, operating expenses and other amounts currently deducted by Defendants; and

d)      whether Defendants have forfeited their right to reimbursement of tax collection expenses due to their failure to file reports as required by Texas statutes and municipal ordinances.

## DAMAGES

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following on behalf of itself and the Plaintiff Classes:

a)      for judgment against Defendants and in favor of Plaintiff and the Plaintiff Classes on all causes of action asserted in this Complaint;

b)      compensatory damages;

c)      restitution and disgorgement of all monies due and owing to the Plaintiff Classes;

d)      a declaration and determination by the Court of the rights, duties and remedies for the underpayment of hotel occupancy taxes as alleged in this Complaint and for failure to file reports as alleged in this Complaint;

e)      for costs of suit incurred herein;

f)      for pre-judgment interest to the extent allowed by law;

g)      for penalties as alleged in this Complaint;

h)      for reasonable and necessary attorneys' fees; and

i)      for such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests, on behalf of itself and the Plaintiff Classes, that a jury decide all factual issues in this case.

DATED: May 5, 2006.

Office of the City Attorney
City Hall, Third Floor
100 South Flores
San Antonio, Texas 78205
Telephone: 210/207.8944

By: _____
    Michael Bernard, Esq.
    Texas Bar No. 02211310

BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: 214/521.3605

Steven D. Wolens, Esq.
Texas Bar No. 21847600
Alan B. Rich, Esq.
Texas Bar No. 16842350
Frank E. Goodrich, Esq.
Texas Bar No.08162050
Carrie Hill, Esq.
Texas Bar No. 24033268

Attorneys for the City of San Antonio, Texas

SA06CA0381 OG

**JS 44**  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

City of San Antonio, Texas

**(b)**  County of Residence of First Listed Plaintiff **Bexar**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Michael Bernard, 100 S. Flores, Third Floor, San Antonio, TX 78205, 210 207-8944
Steven D. Wolens/Alan B. Rich, 3102 Oak Lawn Avenue, Suite 1100, Dallas, TX 75219, 214 521-3605

## DEFENDANTS

Hotels.Com, L.P., et al.

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332(d)

Brief description of cause:
Suit to recover damages for Defendants' failure to remit taxes to Plaintiff.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $50,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE **May 5, 2006**

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE  OG  MAG. JUDGE  MJ-NSN