UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Filed 10/29/09
Clerk, U.S. District Court
Western District of Texas
By _____ Deputy

| | |
|---|---|
| CITY OF SAN ANTONIO, TEXAS, on behalf of itself and all other similarly situated Texas Cities <br><br> Plaintiffs <br><br> v. <br><br> HOTELS.COM, , et al <br><br> Defendants | CIVIL NO. SA-06-CA-381-OG <br> A CLASS ACTION |

# JURY CHARGE

## I. General Instructions

MEMBERS OF THE JURY:

In any jury trial there are, in effect, two judges. I am one of the judges, the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial, which we have now reached, to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury

1

are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. <u>Your answers and your verdict must be unanimous</u>.

In this case, unless instructed otherwise, Plaintiffs must prove every essential part of their claims by a preponderance of the evidence. A preponderance of the evidence simply means evidence that persuades you that the Plaintiffs' claim is more likely true than not true. In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the Plaintiffs' claim by a preponderance of the evidence, you must find for the Defendant as to that claim.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose. You may consider such evidence only for the specific limited purpose for which it was admitted.

During the trial, there was mention of other hotel occupancy tax lawsuits or administrative proceedings. The existence of other legal disputes may not be considered as

evidence that Defendants do or do not owe hotel occupancy taxes under the ordinances at issue herein. Those legal disputes are based on different laws than the tax ordinances in this case. You should not be concerned with the existence or the merits of any other case, as they do not affect the merits of this case.

You have heard certain witnesses refer to opinions by the Texas Comptroller. You are instructed that the Texas Comptroller opinions are not binding authority in this case and may not be considered for purposes of determining the issue of whether Defendants "control" hotels and are therefore responsible for collecting and paying hotel occupancy tax under the Cities' ordinances.

Plaintiffs claim that Defendants had prior notice that hotel occupancy taxes may be owed on their markup and fees. Plaintiffs further claim that Defendants' knowledge or awareness of the Comptroller opinions are evidence of such notice. While the Texas Comptroller opinions are not to be considered as evidence of liability under the Cities' ordinances, they may be considered for the purpose of determining whether a particular Defendant had notice or knowledge of potential hotel occupancy tax liability in connection with the issues of conversion and punitive damages.

You must perform your duties as jurors without bias or prejudice as to any party. All persons, private entities and governmental entities are equal before the law and must be treated as equals in a court of justice, regardless of whether the party is a corporation, municipality or an individual. The law does not permit you to be governed by sympathy, prejudice or public opinion. You are instructed that you must carefully and impartially consider all of the evidence,

follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Although Defendants in this trial are being represented by the same counsel, you are not to treat them as one person. Each Defendant is entitled to your separate consideration. The question of whether liability has been proven is personal to each Defendant and must be decided by you as to each Defendant individually. Similarly, you must decide the amount of damages, if any, separately as to each party.

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

There are two types of evidence that you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did

4

something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory, and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - he is called an expert witness - is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it. In deciding whether to accept or rely upon the opinion of any expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Certain testimony was presented to you through depositions. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case took the witness' deposition and questioned the

witness under oath. A court reporter was present and recorded the testimony. The questions and answers were shown to you. Such deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

Certain answers to interrogatories have also been presented to you. Interrogatories are questions that have been submitted by a plaintiff or defendant to an opposing party, which are answered by that party under oath. Such answers to interrogatories are entitled to the same consideration as other sworn testimony.

Certain documents that have been presented to you include redactions of certain information – that is, certain information has been removed from the copy of the document presented to you. These redactions are entirely proper in order to protect information that should not be publicly revealed and are not necessary to your deliberations. The law permits this information to be kept confidential, and you are instructed that redactions of information from documents is proper and is not to be construed against any party in this case. You are further instructed that you may not draw an adverse inference from any party's redactions.

## II. Stipulated Facts

The parties have agreed, or stipulated, to the following facts. You must therefore treat these facts as having been proved:

1. Plaintiffs are the City of San Antonio and 172 other Texas cities/municipalities (collectively "Plaintiffs").

2. The Defendants in this case are online travel companies or "OTCs" and their affiliates or

related companies: Expedia, Inc.; Hotels.com, L.P.; Hotwire, Inc.; Internetwork Publishing Corp. (d/b/a Lodging.com); Orbitz, LLC; Priceline.com Inc.; Site59.com, LLC; TravelNow.com, Inc.; Travelocity.com, L.P.; Travelweb LLC; and Trip Network, Inc. (d/b/a Cheaptickets.com).

3. Expedia, Inc. is an online travel company. Expedia is a Washington corporation with its corporate headquarters in Bellevue, Washington.

4. Hotels.com, L.P. is an online travel company. Hotels.com, L.P. is a Texas limited partnership with its corporate headquarters in Dallas, Texas.

5. Hotwire, Inc. is an online travel company. Hotwire is a Delaware corporation with its corporate headquarters in San Francisco, California.

6. Trip Network, Inc. (d/b/a Cheaptickets.com) is an online travel company. Cheap Tickets is a Delaware limited liability company with its corporate headquarters in Chicago, Illinois.

7. Internetwork Publishing Corp. (d/b/a Lodging.com) is an online travel company. Lodging.com is a Florida corporation with its corporate headquarters in Chicago, Illinois.

8. Orbitz, LLC is an online travel company. Orbitz is a Delaware limited liability company with its corporate headquarters in Chicago, Illinois.

9. Priceline.com, Incorporated ("Priceline.com") is an online travel company. It is a Delaware corporation with its corporate headquarters in Norwalk, Connecticut.

10. Site59.com, LLC is an online travel company. Site59.com is a Delaware limited liability company with its corporate headquarters in Texas.

11. Travelocity.com L.P. is an online travel company. Travelocity is a Delaware limited partnership with its corporate headquarters in Texas.

12. TravelNow.com, Inc. is a Delaware corporation with its corporate headquarters in Springfield, Missouri.

13. Travelweb LLC is a wholly owned subsidiary of Lowestfare.com LLC. It is a Delaware limited liability company with its headquarters in Norwalk, Connecticut.

14. The OTCs, among other things, permit customers to search for and compare various hotels in cities across the country.

15. The OTCs enter into contracts with individual hotels and/or hotel chains.

16. None of the Defendants is a hotel.

### III. Specific Instructions

As the Court previously mentioned, this is a class action brought on behalf of 173 Texas cities. The City of San Antonio is the named plaintiff and named representative for the class. As such, the City of San Antonio represents its own interests as well as the interests of the other 172 Cities. Your verdict will govern the claims for the entire class even though they are not individually named.

Defendants are eleven online travel companies that, among other things, make reservations for hotel occupants who may stay at hotels in the Cities. You must give separate consideration to the claims against each of the Defendants even though they have been named in the same lawsuit.

**A.   Claim under municipal ordinances:**

You are instructed that each of the 173 Texas cities have a hotel occupancy tax ordinance that imposes an obligation on "every person owning, operating, managing or controlling any hotel" to collect hotel occupancy taxes and pay such taxes to the Cities.

Under the ordinance, the word "person" includes not only individuals or groups of individuals, but associations, firms, partnerships and companies or corporations as well.

The ordinance defines "hotel" as any building or complex of buildings, trailer, converted railroad pullman car, or any other facility in which the public may, for a consideration, obtain sleeping accommodations. The term shall include hotels, motels, tourist homes, houses or courts, lodging houses, inns, rooming houses, trailer houses, trailer motels, parked railroad pullman cars used for sleeping accommodations and not involving the transportation of travelers, dormitory where bed space is rented, apartments not occupied by permanent residents, and all other facilities where rooms or sleeping facilities or space are furnished for a consideration.

The word "controlling" is not defined in the ordinances.

You are not to attempt to interpret any other terms of the ordinance. It is the Court's duty to interpret the ordinances, and you have been provided in these instructions with any definitions

of terms from the ordinance that are relevant to the issue that you must decide.

Plaintiffs allege that Defendants have been or are currently "controlling hotels" and they are therefore required to collect and pay hotel occupancy taxes under the ordinances. Plaintiffs claim that Defendants have violated the ordinances by failing to pay hotel occupancy taxes on the amount they charge the occupants who reserve hotel rooms through their companies. Defendants deny that they have been or are currently "controlling" any "hotel" and therefore claim they are not required to collect and pay hotel occupancy taxes under the ordinances. They further contend that Plaintiffs have received all hotel occupancy taxes due under the ordinances.

You must decide whether Plaintiffs have proven, by a preponderance of the evidence, that Defendants have been or are currently "controlling any hotel." Because the tax ordinances do not define the term "controlling," you must use your common sense and common experience in reaching your decision. You must apply your own understanding of the plain, ordinary and common meaning of "controlling" in determining whether Plaintiffs have proven their claim by a preponderance of the evidence.

**B.    Claim for conversion:**

In their second claim, Plaintiffs contend that Defendants have converted tax monies belonging to the Cities by collecting hotel occupancy taxes or monies represented to be an amount for those taxes from occupants and failing to submit the tax monies to the Cities. Defendants deny that they have retained any tax monies and assert that Plaintiffs have received all the hotel occupancy taxes they are due.

"Conversion" is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights. To prove a claim for conversion, Plaintiffs must prove by a preponderance of the evidence:

    1.    Plaintiffs were entitled to possession of the alleged tax monies;

    2.    The tax monies allegedly converted were monies intended for a specific purpose

and capable of identification and segregation, rather than a general indebtedness;

3. Defendants assumed and exercised dominion and control over the alleged tax monies;

4. Defendants' exercise of dominion and control over the alleged tax monies was unauthorized and inconsistent with Plaintiffs' rights; and

5. Plaintiffs made a demand on the Defendants for the alleged tax monies, and the Defendants refused to deliver the tax monies. If you find that a demand by Plaintiffs would have been futile and the Defendants would not have changed their conduct, then Plaintiffs were not required to prove a prior demand and refusal. The filing of a lawsuit alleging a claim of conversion does not itself satisfy the demand requirement.

C. **Damages:**

If Plaintiffs prove one or both of their claims against the Defendants by a preponderance of the evidence, you must determine the damages to which Plaintiffs are entitled. You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe Plaintiffs should, or should not, win this case. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that any of the Defendants are liable and Plaintiffs are entitled to recover money from one or more of the Defendants.

1. **Compensatory damages**

If you find that one or more Defendants control hotels, then I will ask you to determine an amount that is due, if any, for failure to collect and pay hotel occupancy tax in the event that I decide that a Defendant has violated the ordinances. Likewise, if you find that one or more of the Defendants are liable to Plaintiffs for conversion, then you must determine an amount that is fair compensation for all of Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiffs whole - that is, to compensate

Plaintiffs for any damages that they have suffered.

You may award compensatory damages only for injuries that Plaintiffs prove were proximately caused by the Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiffs have actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of the instructions in or your answers to any other question about damages. Do not speculate about what the Cities' ultimate recovery may or may not be. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

You may impose damages on a claim solely upon the Defendant or Defendants that you find are liable on that claim. Although there are several Defendants in this case, it does not necessarily follow that if one is liable, all or any of the others also are liable. Each Defendant is entitled to fair, separate and individual consideration of its case without regard to your decision as to the other Defendants. If you find that only one Defendant is responsible for a particular injury, then you must award damages for that injury only against that Defendant.

  a. **Amounts owed under the ordinance claim:**

If you find that one or more Defendants have been or are currently "controlling hotels," then you must determine an amount that is fair compensation, if any, for failure to collect and pay hotel occupancy tax to the Plaintiffs. In determining an amount owed under the ordinance claim, you must decide the total amount of hotel occupancy taxes, if any, that Defendants *should have collected and paid* on the amounts they charged occupants in hotel transactions but failed to do so.

  b. **Damages for conversion:**

If you find that one or more Defendants converted tax monies that belonged to the Plaintiffs, then you must determine an amount that is fair compensation for damages, if any, proximately caused by Defendants' conversion of tax monies. In determining damages under the conversion claim, you must determine the amount of monies, if any, that Defendants *actually collected* that were hotel occupancy taxes, purported to be hotel occupancy taxes or represented to be an amount for such taxes, and thereafter failed to deliver such monies to the Plaintiffs.

  2. **Punitive damages:**

Plaintiffs are also seeking punitive damages on their conversion claim only. Punitive damages, also known as exemplary damages, are damages that may be awarded as a penalty or by way of punishment, but not for compensatory purposes.

Punitive damages may be awarded as to a particular Defendant only if you award compensatory damages to Plaintiffs against that particular Defendant on the conversion claim. An award of punitive damages, if any, must be specific as to each Defendant, and each Defendant is liable only for the amount of the award made against that Defendant.

You may only assess punitive damages against a particular Defendant if Plaintiffs have proven by clear and convincing evidence that the Defendant acted with malice or gross negligence. Punitive damages may not be awarded if a Defendant acted in a good faith belief that it was exercising some right.

You are instructed that "clear and convincing evidence" is the measure or degree of proof that produces in your mind a firm belief or conviction as to the truth of the allegations sought to be established. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.

"Malice" means a specific intent by a Defendant to cause substantial injury or harm to the Plaintiffs.

"Gross negligence" means an act or omission which when viewed objectively from the standpoint of the Defendant at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and, the Defendant has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety or welfare of others.

In determining an amount of punitive damages, if any, factors to consider include:

(1) the nature of the wrong;

(2) the character of the conduct involved;

(3) the degree of culpability of the Defendant;

(4) the situation and sensibilities of the parties concerned;

(5) the extent to which such conduct offends a public sense of justice and propriety; and

(6) the net worth of the Defendant.

You may not consider a Defendant's total annual revenue or total gross profits for purposes of determining an amount of punitive damages. You must limit your consideration to evidence, if any, on a Defendant's actual net worth.

If you decide to award punitive damages, you must use sound reason in setting the amount – it must not reflect bias, prejudice or sympathy toward any party.

## IV. Instructions on deliberations

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in the answers to the written questions and sign and date the verdict form. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

Any notes that you may have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember that you are the judges of the facts, and your only interest is to seek the truth from the evidence in this case.

If you want to communicate with me at any time, please give a written message or question to the court security officer, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you

orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

This concludes the Court's instructions, and I will now review the verdict form with you. The attorneys will then make their closing arguments. You may retire to the jury room to conduct your deliberations after the attorneys' closing arguments.

GIVEN this 29th day of October, 2009.

_____
ORLANDO L. GARCIA
United States District Judge