UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
AUG 27 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | |
|---|---|
| CITY OF SAN ANTONIO, TEXAS, on behalf of itself and all other similarly situated Texas cities, ))))) | |
| Plaintiffs )) | |
| v. ))) | CIVIL NO. SA-06-CA-381-OG<br>A CLASS ACTION |
| HOTELS.COM, L.P., et al ))) | |
| Defendants ) | |

## O R D E R

Pending before the Court is Plaintiffs' motion for clarification of findings regarding post verdict service fees (Dkt. # 1104). Defendants have filed a response (Dkt. # 1107) and Plaintiffs have filed a reply (Dkt. # 1109). After reviewing the parties' briefs and relevant parts of the record, the Court finds that Plaintiffs' motion should be GRANTED, and the Court's findings are clarified as follows:

I.

The Court's findings and conclusions

In July 2011, the Court issued its findings of fact and conclusions of law on all remaining substantive issues to be resolved in this case. After issuance of the findings, but prior to entry of judgment, Plaintiffs filed their motion for clarification on findings that affect taxes on the OTC's service fees that have accrued post-verdict and will continue to accrue on every transaction in the future.

1

The Court's findings included the following:

Declaratory relief

281.    The Cities requested, in their First Amended Complaint, both money damages and declaratory relief pursuant to 28 U.S.C. § 2201. Based on the Court's analysis of the ordinances and the evidence herein, and for the reasons stated above, the Court finds that Plaintiffs are entitled to such relief as follows:

282.    Because the OTC's clearly exercise the necessary "control" under the ordinances, they have a duty to assess and collect hotel occupancy tax in every consumer transaction, as they have been doing, because they have stepped into the hotel's shoes and they are in sole control of the taxable transaction and the tax monies being assessed and collected thereon. Only the OTC's know the total retail amount being charged to the occupant for the right to occupy a hotel room, and only the OTC's have the ability to assess and collect the correct amount of hotel occupancy tax from the occupant/taxpayer.

283.    The OTC's have a duty to assess and collect hotel occupancy tax on the total retail price charged to the consumer/occupant/taxpayer, rather than the wholesale or net price that the OTC's pay to the hotel. The OTC's are not occupants, and they have no right to occupancy. The hotel occupancy tax is assessed on the total price paid by occupants for the right to occupy a hotel room. This includes any part of the retail price that may be characterized as markup, service fees (a/k/a facilitation fees, surcharges or processing fees), extra person fees or breakage revenue.

284.    As tax collectors who have assumed the duty to assess and collect hotel occupancy taxes, the OTC's have a duty to remit to each of the Cities who are class members herein the correct amount of hotel occupancy taxes on every hotel transaction. Likewise, the OTC's have a duty to

submit any necessary reports, pursuant to the ordinances.

### Damages awarded at the time of trial

260. The Court has concluded that the OTC's fee (known as a surcharge, service fee, facilitation fee or processing fee), is taxable under the ordinances because it is part of the total retail price that is paid by the consumer for the right to occupancy. Based on the data provided to Dr. Leitzinger, the total amount of unpaid taxes that should have been assessed, collected and remitted on fees is $4,826,959.00. P Exh. 1999A, 1999B. However, the evidence on this portion of the damages was not presented to the jury on the ordinance claim. It was presented only to the Court as evidence of damages on Plaintiffs' equitable claims. The Court has determined that Plaintiffs may recover in equity only the taxes the OTC's collected but never remitted in breakage scenarios. The evidence shows that the OTC's never assessed or collected taxes on service fees or surcharges; thus, they were not unjustly enriched as a result thereof. The damage calculation for unpaid taxes on service fees cannot be awarded as money damages on Plaintiffs' equitable claims. Because Plaintiffs did not present this evidence to the jury as damages on the ordinance claim, the damages cannot be awarded even though the Court has determined that fees *are taxable* as part of the total retail price paid by the occupant for the right to occupancy.

### Post verdict damages

265. Obviously, damages have continued to accrue since the time of the verdict in October 2009. Damages will continue to accrue with each online transaction through the date that judgment is entered and beyond unless Defendants *immediately* begin calculating, collecting and remitting tax on the total retail amount charged to the consumer.

266.    The failure to award continuing damages for the period of time between the verdict and judgment would result in a windfall for Defendants. i4i Ltd. Partnership v. Microsoft Corp., 670 F.Supp.2d 568, 597 (E.D. Tex. 2009), aff'd, 598 F.3d 831 (Fed. Cir. 2010).

267.    Plaintiffs have presented evidence, based on past transactional data, that reflects the estimated amount of unpaid taxes that would accrue per diem through the date of judgment. (Dkt. # 1023, Exh. B-2 through B-5). However, at a post trial hearing on June 23, 2010, Defendants indicated a willingness to provide transactional data that would allow the calculation of damages from October 2009 through the present, based on what the Court has determined is taxable.

268.    The parties will confer and calculate unpaid taxes up through the present date. (Dkt. # 1096, pp. 60-62).

II.

Clarification of findings and conclusions

As reflected in paragraph 260 of the findings, "the Court has concluded that the OTC's fee (known as a surcharge, service fee, facilitation fee or processing fee) is taxable under the ordinances because it is part of the total retail price that is paid by the consumer for the right to occupancy." This finding, among others, addresses the issue of "what is taxable" under the ordinances – a necessary underpinning for the findings set forth in paragraphs 232 through 238 in which the Court concluded that the OTC's have been violating the terms of the ordinances.

However, the Court's findings on "what is taxable" under the ordinances also provides the type of declaratory relief that Plaintiffs have been seeking. (See Dkt. # 1096, p. 64, ¶ 283). Throughout this lawsuit, it has been clear that the Cities were seeking both damages in the form

of unpaid taxes *and* declaratory relief. (Dkt. # 74, pp. 20-21). The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., allows the Court to declare the parties' rights, duties and obligations under the ordinances, as it has done in this case. The Act also allows the Court to enforce such declarations by ordering "[f]urther necessary or proper relief based on a declaratory judgment or decree . . . after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 29 U.S.C. § 2202. The type of relief that may be ordered to enforce the Court's declaration of the parties' duties and obligations includes injunctive relief. Powell v. McCormack, 395 U.S. 486, 499, 89 S.Ct. 1944 (1969) (a court may grant declaratory relief without issuing an injunction or mandamus, but declaratory relief can also be "used as a predicate to further relief, including an injunction"). Declaratory or injunctive relief is appropriate when there is a continuing harm and/or a substantial likelihood of harm in the future. Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003).

The Court's findings and declarations on "what is taxable" and the OTC's duties and obligations under the ordinances were not meant as mere abstract statements or an advisory opinion. Instead, the Court's declarations were meant to be a mandate on all OTC transactions occurring after the date of the Court's findings.[1] As the Court explained when it issued its findings, taxes would continue to be underpaid on "each online transaction *through the date that judgment is entered and beyond* unless Defendants *immediately* begin calculating, collecting and remitting tax *on the total retail amount* charged to the consumer." (Dkt. # 1096, p. 61, ¶ 265)

---

[1] "A declaratory judgment, by its nature, is forward looking; it is designed to resolve a controversy and prevent future damages. It affects a party's behavior or alters the parties' legal relationship on a going-forward basis." Intercontinental Group Partnership v. KB Home Lone Star, L.P., 295 S.W.3d 650, 660 (Tex. 2009).

(emphasis added). As taxes continue to accrue and remain unpaid, the harm to the Cities is ongoing and continuous. Because declaratory relief is intended to be prospective in nature, taxes on fees prior to entry of the Court's findings will not be awarded as past damages. But throughout these proceedings, Defendants have failed to make any showing as to why they should not *immediately* comply with the Court's findings and declarations – and continue to comply on a going forward basis. Defendants have acknowledged that they are able to provide transactional data that would allow the calculation of unpaid taxes "*based on what the Court has determined is taxable.*" (Dkt. # 1096, p. 61, ¶ 267). The parties have already been ordered to "confer and calculate unpaid taxes up through the present date." (Dkt. # 1096, p. 62, ¶ 268). While the date of entry of judgment has been delayed, the Court intends for the parties to bring the calculations for the total amount of unpaid taxes as current as possible so those amounts can be stated as a sum certain through the date of judgment. This includes taxes on fees, which is part of what the Court has declared as taxable. While any taxes on transactions occurring post-judgment are not due and payable (and thus not calculable) until the time of the transactions, the OTC's are expected to comply with the Court's mandates on the calculation, collection and remittance of taxes to the Cities both now and in the future.[2]

It is therefore ORDERED that Plaintiffs' motion for clarification of findings regarding post verdict service fees (Dkt. # 1104) is GRANTED, and the Court's findings of fact and

---

[2] "[P]ersons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order." GTE Sylvania, Invc. v. Consumers Union of the United States, Inc., 445 U.S. 375, 386-87, 100 S.Ct. 1194 (1980).

conclusions of law will be amended solely for clarification purposes in accordance herewith.[3]

It is so ORDERED this ___27___ day of August, 2012

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

---

[3]In particular, finding number 260 will be clarified.