UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

APR 04 2013

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ____ DEPUTY CLERK

| | | |
|---|---|---|
| CITY OF SAN ANTONIO, TEXAS, on behalf of itself and all other similarly situated Texas cities, | § | |
| Plaintiffs, | § | CIVIL NO. SA-06-CA-381-OG A CLASS ACTION |
| v. | § | |
| HOTELS.COM, L.P., et al., | § | |
| Defendants. | § | |

**FINAL JUDGMENT**

On May 27, 2008, the Court certified this case as a class action, with the City of San Antonio as the named plaintiff and representative of the class, including itself and 172 other similarly situated Texas cities,[1] whose names appear on Exhibit A, attached hereto. The City of San Antonio brought suit on behalf of the class against eleven online travel companies ("OTCs"), asserting that the OTCs owed taxes to the class members pursuant to the Cities' ordinances because they had failed in their responsibility to collect and remit hotel occupancy taxes on the difference between the retail price of the hotel rooms charged to their customers and the wholesale price paid by the OTCs to the hotel. Plaintiffs further sought a declaration that the OTCs have a duty to assess, collect, remit, and report hotel occupancy taxes on the total retail price paid to the OTCs by the consumer, and sought an award of money damages for such occupancy taxes that were due and owing.

[1] This number reflects that the Cities of Watauga and Houston opted out of the certified class.

On October 5, 2009, the case was called and proceeded to trial against Defendants, Expedia, Inc., Hotels.com, L.P., Hotwire, Inc., Internetwork Publishing Corp. (d/b/a Lodging.com), Orbitz, LLC, priceline.com Incorporated, Site59.com, LLC, TravelNow.com, Inc., Travelocity.com L.P., Travelweb LLC, and Trip Network, Inc. (d/b/a Cheaptickets.com), before a twelve-person jury. The Court and the jury heard evidence on the issues presented. On October 30, 2009, the jury returned a unanimous verdict on the issues and claims it was tasked with deciding (Dkt. # 1002).

In Question No. 1, the jury found that all Defendants "have been or are currently 'controlling hotels' under the Cities' hotel occupancy tax ordinances," a necessary prerequisite for imposing upon the OTCs the duties of collection, remittance, and reporting under the Cities' hotel occupancy tax ordinances. In Question No. 2, the jury found that, pursuant to the Cities' ordinances, the Defendants should have paid the following amounts as hotel occupancy taxes through October 30, 2009, totaling $20,579,486.00 in the aggregate.[2]

| | **Mark-up/Margin** | **Breakage** | **Extra person fee** |
|---|---|---|---|
| Expedia, Inc. | $5,401,609 | $732,119 | $35,312 |
| Hotels.com, L.P. | $6,481,030 | $758,455 | $32,574 |
| Hotwire, Inc. | $1,469,084 | $198,909 | N/A[3] |
| Internetwork Publishing Corp. (d/b/a/ Lodging.com) | $374,834 | $42,269 | N/A |
| Orbitz, LLC | $832,533 | $281,824 | N/A |

[2] The parties have agreed that a remittitur in the amount of $417,103 is appropriate, because Defendants Lodging.com and Cheaptickets.com are jointly and severally liable for $417,103, not $834,206.

[3] The "not applicable" ("N/A") abbreviation applies to Defendants in the categories where a tax was not at issue or sought by Plaintiffs.

| | Mark-up/Margin | Breakage | Extra person fee |
|---|---|---|---|
| priceline.com Incorporated | $1,787,120 | $126,116 | N/A |
| Site59.com, LLC | $159,761 | $1,447 | N/A |
| TravelNow.com, Inc. | N/A | N/A | N/A |
| Travelocity.com, L.P. | $1,332,117 | N/A | N/A |
| Travelweb LLC | $106,513 | $8,757 | N/A |
| Trip Network, Inc., (d/b/a Cheaptickets.com) | $374,834 | $42,269 | N/A |
| **TOTAL** | **$18,319,435** | **$2,192,165** | **$67,886** |

The jury further found that none of the Defendants had converted alleged tax monies belonging to the Cities, and the jury answered no more questions.

On July 1, 2011, the Court entered Findings of Fact and Conclusions of Law on the remaining claims and issues that the Court had reserved for the Court's determination (Dkt. # 1096). On January 29, 2013, the Court entered Amended Findings of Fact and Conclusions of Law on the "Service Fee" Issue (Dkt. # 1144). The Court construed the terms of the ordinances and, based on the evidence at trial and the jury's verdict, the Court determined that the OTCs' mark-up is taxable and that, based on the parties' agreement, the total amount of unpaid taxes on the mark-up as of October 30, 2009, is $17,902,322.00.[4] The Court determined that the OTCs owed taxes to the Cities in "breakage" scenarios, when they retained all amounts collected from the consumer/occupant, in the amount of $2,192,165.00, as found by the jury as of October 30,

[4] This number reflects the reduction of the amount found by the jury with respect to Defendants Lodging.com and Cheaptickets.com. *See* footnote 2, *supra*.

2009. The Court determined that "extra person fees" are taxable under the ordinances and that the OTCs owed taxes to the Cities in the amount of $67,886.00, as of October 30, 2009, as found by the jury. The Court determined that the OTCs' "service fees" are also taxable as part of the total retail price paid by the occupant for the right to occupy the hotel room, but damages in the past for service fees were not recoverable based on the evidence.

Unpaid taxes have continued to accrue on a daily basis since the time of the verdict in October 2009. Thus, the Court found that Plaintiffs are entitled to post-verdict damages beginning the day after the jury verdict of October 30, 2009 for unpaid taxes on mark-up, breakage, and extra person fees, and beginning July 11, 2011, for unpaid taxes on service fees, through the date of judgment.

The Court also determined that Plaintiffs are entitled to declaratory relief, pursuant to 28 U.S.C. § 2201, based on the Court's analysis of the ordinances and the evidence, and because the harm to the Cities is ongoing and continuous and taxes continue to accrue and remain unpaid. As part of the declaratory relief, and in furtherance of the Court findings and declarations on "what is taxable" and the OTCs' duties and obligations under the ordinances, the Court determined that the OTCs have a duty, as tax collectors, to assess and collect taxes on the total retail amount for every hotel transaction; remit such taxes to each of the Cities who are class members; and submit all reports required by the ordinances.

The Court further found that the OTCs must adjust their business practices to ensure that all taxes due and owing on post-judgment transactions are paid in accordance with the Cities' ordinances and the Court's findings and that, in accordance with the Court's order on the declaratory judgment, the OTCs are expected to comply with the Court's mandate on the calculation, collection, remittance, and reporting of taxes to the Cities.

On Plaintiff's equitable claims, the Court found that the evidence did not support a claim based on constructive trust. The Court found that Plaintiffs did prove their claim for money had and received and would have been entitled to damages for breakage revenue. However, unpaid taxes resulting from breakage revenue are already part of the damages being awarded to Plaintiffs on their claims for recovery of unpaid taxes under the ordinances.

The parties have conferred and have determined for each Defendant the amount of accrued unpaid taxes that are owed by each Defendant through April 4, 2013, the date of judgment, as follows:

| | **Mark-up/Margin** | **Breakage** | **Extra Person Fee** | **Service Fee** |
|---|---|---|---|---|
| Expedia, Inc. | $8,874,270 | $1,061,792 | $52,951 | $205,444 |
| Hotels.com, L.P. | $11,204,755 | $1,397,756 | $57,707 | $421,302 |
| Hotwire, Inc. | $2,764,892 | $333,567 | 0 | $255,889 |
| Internetwork Publishing Corp. (d/b/a/ Lodging.com) and Trip Network, Inc., (d/b/a Cheaptickets.com), jointly and severally | $444,891 | $54,161 | 0 | $6,100 |
| Orbitz, LLC | $1,436,542 | $395,384 | 0 | $53,796 |
| priceline.com Incorporated | $4,101,498 | $286,029 | 0 | $585,233 |
| Site59.com, LLC | $159,827 | $1,447 | 0 | 0 |
| TravelNow.com, Inc. | | | | 0 |
| Travelocity.com, L.P. | $2,002,876 | 0 | 0 | $44,162 |

| | Mark-up/Margin | Breakage | Extra Person Fee | Service Fee |
|---|---|---|---|---|
| Travelweb LLC | $106,513 | $8,757 | 0 | 0 |
| **TOTAL** | **$31,096,064** | **$3,538,893** | **$110,658** | **$1,571,926** |

The amounts of damages owed to each City by each Defendant as of April 4, 2013, for the taxable items of mark-up/margin, breakage, extra person fees and service fees appears on Exhibit B attached hereto.

With respect to penalties and statutory interest on the amounts awarded, the Court found that a one-time penalty should be assessed on the total amount of unpaid or underpaid taxes due and payable to each class member as of the time of this Judgment, which shall be calculated by using the percentage rates in each City's ordinance, not to exceed 15% of the total amount of unpaid taxes due at the time of judgment. For each City without a penalty provision, the fifteen percent penalty provided in section 351.004(a)(3) of the Texas Tax Code shall apply.

The Cities are further entitled to simple, not compound, interest on delinquent taxes, to the extent their respective ordinances allow such interest on delinquent taxes, at the applicable percentage rate set forth in the ordinances from the date the taxes became delinquent through the date of judgment. The Court has found that no interest should be calculated on any penalties assessed against a Defendant, and interest will accrue at an annual rate from the date the taxes became delinquent.

The parties' agreed amounts of tax, penalty and interest owed to each City by each Defendant appear on the charts attached hereto as Exhibit B. The parties further agree that the amounts of tax, penalty and interest owed by all OTCs and the individual OTCs to the Class

appear on the charts attached as Exhibit C, and the amounts owed by all OTCs and the individual OTCs to the Class as broken down by types of taxable items appear on the charts attached as Exhibit D.

Accordingly, in light of the jury's verdict, the Court's Findings of Fact and Conclusions of Law and all amendments and orders relating thereto, and the parties' agreements, this Court enters the following judgment:

1. IT IS ORDERED, Adjudged, and Decreed that the Cities take nothing in this lawsuit for their claims of conversion.

2. IT IS FURTHER ORDERED, Adjudged, and Decreed that the Cities shall recover from the Defendants the following total amounts, calculated by adding the damages determined by the jury, the post-verdict damages in the amounts agreed by the parties, and the amounts of penalties and interest on the damages, as agreed by the parties:

| **DEFENDANTS** | **Total Damages, Penalties and Interest Owed As Of April 4, 2013** |
|---|---|
| Expedia, Inc. | $15,826,646 |
| Hotels.com, L.P. | $20,029,292 |
| Hotwire, Inc. | $4,961,690 |
| Internetwork Publishing Corp. (d/b/a/ Lodging.com) and Trip Network, Inc., (d/b/a Cheaptickets.com), jointly and severally | $875,489 |
| Orbitz, LLC | $2,788,331 |
| priceline.com Incorporated | $7,014,258 |
| | $294,688 |

| DEFENDANTS | Total Damages, Penalties and Interest Owed As Of April 4, 2013 |
|---|---|
| Site59.com, LLC | |
| TravelNow.com, Inc. | $0 |
| Travelocity.com, L.P. | $3,137,578 |
| Travelweb LLC | $218,517 |
| **TOTAL** | **$55,146,489** |

3. IT IS FURTHER ORDERED, Adjudged and Decreed that, out of the amounts above, the Cities shall recover, individually, from Defendants the amounts appearing on Exhibit B attached hereto, which amounts represent the total of each City's past damages at the time of verdict, post-verdict damages in the amount of accrued unpaid taxes to the time of judgment, and penalties and interest as provided herein.

4. IT IS FURTHER ORDERED, Adjudged and Decreed as a Declaratory Judgment that, under the Cities' ordinances, each Defendant is required to calculate, collect, remit, and report to the Cities occupancy taxes on the total retail amount charged to its customers, including mark-up/margin, breakage, extra person fees, and service fees, as provided herein and in the Court's Findings of Fact and Conclusions of Law, as amended; and the Defendants are hereby directed by the Court to do so on an ongoing basis from the date of this Final Judgment.

5. IT IS FURTHER ORDERED, Adjudged and Decreed that costs shall be taxed against Defendants pursuant to 28 U.S.C. § 1920 and FED. R. CIV. P. 54(d)(1).

6. IT IS FURTHER ORDERED, Adjudged and Decreed that Plaintiffs are awarded post-judgment interest on the amounts awarded herein, pursuant to 28 U.S.C. § 1961.

Within 14 days after the Court has entered an order(s) disposing of all post-judgment motions, any motions for attorneys' fees and related non-taxable expenses may be filed pursuant to FED. R. CIV. P. 54(d)(2) and any other applicable rule or law. Pursuant to Rule 23(h), notice of the Rule 54(d)(2) motion must be served on all parties and directed to class members in a reasonable manner and in a form approved by the Court. The Court will subsequently establish a deadline by which a class member or a party from whom payment is sought may object to the motion. The Court will enter findings of fact and conclusions of law regarding the Rule 54(d)(2) motion after the responding parties and class members have had an opportunity to object and/or be heard. Contemporaneous with the issuance of the Court's findings of fact and conclusions of law on the Rule 54(d)(2) motion, the Court shall enter a final judgment on attorneys' fees and non-taxable expenses pursuant to Rule 54. There are several pending motions in which Defendants seek to redact the Court's record and/or keep certain portions of the record under seal. The issue of whether a portion of the record is redacted or sealed from public view does not in any way affect the merits of this case. A ruling on the motions is not necessary to the entry of final judgment on the merits.

IT IS SO ORDERED this 4 day of April, 2013.

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE